Marc Randazza, SBN 269535
RANDAZZA LEGAL GROUP
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax )
MJR@Randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC )<br><br>Plaintiff, )<br><br>vs. )<br><br>SWARM OF NOVEMBER 16, 2010, )<br>SHARING HASH FILE )<br>A3E6F65F2E3D672400A5908F64ED55B66 )<br>A0880B8; AND DOES 1 through 95, )<br><br>Defendants )<br>_____ ) | Case No.  **'11 CV 0619 BTM BLM**<br><br>**COMPLAINT**<br><br>**(1) DIRECT COPYRIGHT<br>    INFRINGEMENT – 17 U.S.C. § 501**<br>**(2) CONTRIBUTORY COPYRIGHT<br>    INFRINGEMENT**<br>**(3) CIVIL CONSPIRACY**<br>**(4) NEGLIGENCE** |

Plaintiff, Liberty Media Holdings (hereinafter "Liberty" or the "Plaintiff") files this complaint against multiple unknown Defendants and alleges as follows:

## I. NATURE OF THE CASE

1.     Plaintiff is the registered owner of the copyright to a motion picture, "Down on the Farm (hereinafter the "Motion Picture"). A true and correct copy of the Certificate of Registration for the Motion Picture is attached hereto as Exhibit 1.

2.     Defendants, whose true identities are currently unknown, acted in a collective and interdependent manner in the unlawful reproduction and distribution of Plaintiff's Motion Picture using BitTorrent file transfer protocol.

3.     Each time a Defendant unlawfully distributes a copy of Plaintiff's copyrighted Motion Picture to others over the Internet, particularly via BitTorrent, each recipient can then distribute that unlawful copy of the Motion Picture to others without degradation in sound or picture quality.  Thus, a Defendant's distribution of even a single unlawful copy of the Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people.  In this case, each Defendant's copyright infringement built upon the prior infringements, in a cascade of infringement.

4.     Plaintiff seeks redress for the Defendants' rampant infringement of its exclusive rights in the Motion Picture, and for injunctive relief to stop Defendants from continuing to infringe upon Plaintiff's copyrighted works.

## II.  JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq., and 28 U.S.C.  §§ 1331 and 1338(a).

6.     Defendants either reside in, solicit, transact, or are doing business within the Jurisdiction; they have committed unlawful and tortious acts both within and outside the Jurisdiction with the full knowledge that their acts would cause injury in this Jurisdiction.  As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over each

7.     Each of the Plaintiff's motion pictures, including the Motion Picture at issue in this case, clearly discloses on its introductory title screen that the work is produced by a California business.   Therefore, all Defendants knew full well that infringement upon the copyright in the Motion Picture would cause harm and damage to a California entity.

8.     Plaintiff's claims arise out of the Defendants' conduct which gives rise to personal jurisdiction over Defendants.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a). Although the true identities of each and every member of the collective formed by the Defendants is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the infringing acts complained of herein

occurred in this District, and Defendants can reasonably anticipate being hauled into court in this District.

### III.  THE PARTIES

### A.  The Plaintiff, Liberty Media Holdings, LLC

10.     Liberty is a California LLC with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103.

### B.  The Defendants

11.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants John Does 1-95 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff knows each Defendant only by the Internet Protocol ("IP") address assigned to the account used by the Defendant by the account holder's Internet Service Provider ("ISP") on the date and at the time at which the infringing activity of each Defendant was observed.  The IP address used by each Defendant thus far identified, together with the date and time at which his or her infringing activity was observed is listed below.

12.     Plaintiff intends to subpoena the ISPs that issued the Defendants' IP addresses in order to learn the identity of the account holders for the below IP addresses.  In most cases, the account holder will be the proper defendant in this case.  However, further discovery may be necessary in some circumstances in order to be certain of the identity of the proper defendant.

13.     The Defendants are a group of BitTorrent users or peers whose computers are collectively interconnected for the sharing of a particular unique file, otherwise known as a "swarm".  The particular file a BitTorrent swarm is associated with has a unique "hash" (a file identifier generated by an algorithm developed and implemented by the National Security Agency).     The     hash     value     in     this     case     is     identified     as A3E6F65F2E3D672400A5908F64ED55B66A0880B8 (hereinafter the "A3E Hash").

14.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants was and is the agent of the other Defendants, acting within the purpose and scope of said agency.  Plaintiff is further informed and believes and based thereon alleges that each of the Defendants authorized and ratified the conduct herein alleged of each of the other Defendants.

15.     Plaintiff believes that information obtained in discovery will lead to the identification of each Defendants' true names and permit the Plaintiff to amend this Complaint to state the same.  Plaintiff further believes that the information obtained in discovery may lead to the identification of additional infringing parties to be added to this Complaint as defendants. Plaintiff will amend this Complaint to include their proper names and capacities when they have been determined.  Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants participated in and are responsible for the acts described in this Complaint and damage resulting therefrom.

16.     Plaintiff alleges on information and belief that each of the Defendants named herein performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged and are liable to Plaintiff for the damages and relief sought herein.

17.     Each of the fictitiously named defendants engaged in their copyright infringement scheme together.  They all shared and republished the same Motion Picture, and thus collectively participated in the same swarm sharing the A3E Hash on the exact same date, November 16, 2010.

18.     The torrent swarm in this case is not an actual entity, but is rather made up of at least 95 individuals, acting in concert with each other, to achieve the common goal of infringing upon the Plaintiff's copyrights both by illegally duplicating the Plaintiff's Motion Picture and illegally distributing the Plaintiff's Motion Picture.

### Defendant Doe 1

19.     Defendant Doe 1 is unknown, but used the following IP address: 66.91.236.58.

20.     Doe 1 used this IP address to illegally republish and illegally distribute copies of the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

21.     The infringing activity took place on November 16, 2010 at 12:08:24 a.m. UTC.

22.     As Doe 1 was the first one detected as having distributed the Motion Picture, Doe 1 is, on information and belief, the initial propagator of the A3E Hash in the Bit Torrent swarm of November 16, 2010.

### Defendant Doe 2

23.     Defendant Doe 2 is unknown, but used the following IP address: 76.116.248.55.

24.     Doe 2 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

25.     The infringing activity took place on November 16, 2010 at 12:08:37 a.m. UTC, 15 seconds after Doe 1.

### Defendant Doe 3

26.     Defendant Doe 3 is unknown, but used the following IP address: 174.21.246.20.

27.     Doe 3 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

28.     The infringing activity took place on November 16, 2010 at 12:24:05 a.m. UTC, 15 minutes and 28 seconds after Doe 2.

### Defendant Doe 4

29.     Defendant Doe 4 is unknown, but used the following IP address: 66.108.202.198.

30.     Doe 4 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

31.     The infringing activity took place on November 16, 2010 at 12:36:22 a.m. UTC, 12 minutes and 17 seconds after Doe 3.

### Defendant Doe 5

32.     Defendant Doe 5 is unknown, but used the following IP address: 71.198.117.225.

33.     Doe 5 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

34.     The infringing activity took place on November 16, 2010 at 12:37:57 a.m. UTC, 1 minute and 35 seconds after Doe 4.

### Defendant Doe 6

35.     Defendant Doe 6 is unknown, but used the following IP address: 67.141.21.230.

36.     Doe 6 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

37.     The infringing activity took place on November 16, 2010 at 12:49:06 a.m. UTC, 11 minutes and 9 seconds after Doe 5.

### Defendant Doe 7

38.     Defendant Doe 7 is unknown, but used the following IP address: 98.222.58.142.

39.     Doe 7 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

40.     The infringing activity took place on November 16, 2010 at 12:55:24 a.m. UTC, 6 minutes and 18 seconds after Doe 6.

### Defendant Doe 8

41.     Defendant Doe 8 is unknown, but used the following IP address: 68.12.65.126.

42.     Doe 8 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

43.     The infringing activity took place on November 16, 2010 at 01:06:01 a.m. UTC, 10 minutes and 37 seconds after Doe 7.

### Defendant Doe 9

44.     Defendant Doe 9 is unknown, but used the following IP address: 24.94.37.48.

45.     Doe 9 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

46.     The infringing activity took place on November 16, 2010 at 1:08:46 a.m. UTC. 2 minutes and 45 seconds after Doe 8.

### Defendant Doe 10

47.     Defendant Doe 10 is unknown, but used the following IP address: 66.27.194.149.

48.     Doe 10 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

49.     The infringing activity took place on November 16, 2010 at 1:37:42 a.m. UTC, 28 minutes and 56 seconds after Doe 9.

### Defendant Doe 11

50.     Defendant Doe 11 is unknown, but used the following IP address: 72.220.29.107.

51.     Doe 11 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

52.     The infringing activity took place on November 16, 2010 at 1:39:05 a.m. UTC, 1 minute and 23 seconds after Doe 10.

### Defendant Doe 12

53.     Defendant Doe 12 is unknown, but used the following IP address: 98.223.199.226.

54.     Doe 12 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

55.     The infringing activity took place on November 16, 2010 at 1:39:10 a.m. UTC, 5 seconds after Doe 11.

### Defendant Doe 13

56.     Defendant Doe 13 is unknown, but used the following IP address: 70.190.163.112.

57.     Doe 13 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

58.     The infringing activity took place on November 16, 2010 at 1:40:24 a.m. UTC, 1 minute and 14 seconds after Doe 12.

**Defendant Doe 14**

59.     Defendant Doe 14 is unknown, but used the following IP address: 173.49.127.206.

60.     Doe 14 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

61.     The infringing activity took place on November 16, 2010 at 1:53:15 a.m. UTC, 12 minutes and 51 seconds after Doe 13.

**Defendant Doe 15**

62.     Defendant Doe 15 is unknown, but used the following IP address: 67.168.130.206.

63.     Doe 15 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

64.     The infringing activity took place on November 16, 2010 at 2:08:52 a.m. UTC, 15 minutes and 37 seconds after Doe 14.

**Defendant Doe 16**

65.     Defendant Doe 16 is unknown, but used the following IP address: 76.174.10.12.

66.     Doe 16 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

67.     The infringing activity took place on November 16, 2010 at 2:10:11 a.m. UTC, 1 minute and 19 seconds after Doe 15.

**Defendant Doe 17**

68.     Defendant Doe 17 is unknown, but used the following IP address: 76.109.153.202.

69.     Doe 17 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

70.     The infringing activity took place on November 16, 2010 at 2:40:05 a.m. UTC, 29 minutes and 54 seconds after Doe 16.

### Defendant Doe 18

71.     Defendant Doe 18 is unknown, but used the following IP address: 74.64.55.181.

72.     Doe 18 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

73.     The infringing activity took place on November 16, 2010 at 2:40:09 a.m. UTC, 4 seconds after Doe 17.

### Defendant Doe 19

74.     Defendant Doe 19 is unknown, but used the following IP address: 67.190.92.143.

75.     Doe 19 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

76.     The infringing activity took place on November 16, 2010 at 2:42:24 a.m. UTC, 2 minutes and 15 seconds after Doe 18.

### Defendant Doe 20

77.     Defendant Doe 20 is unknown, but used the following IP address: 24.216.64.246.

78.     Doe 20 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

79.     The infringing activity took place on November 16, 2010 at 2:42:30 a.m. UTC, 6 seconds after Doe 19.

### Defendant Doe 21

80.     Defendant Doe 21 is unknown, but used the following IP address: 70.178.119.232.

81.     Doe 21 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

82.     The infringing activity took place on November 16, 2010 at 2:44:17 a.m. UTC, 1 minute and 47 seconds after Doe 20.

### Defendant Doe 22

83.     Defendant Doe 22 is unknown, but used the following IP address: 68.63.31.245.

84.     Doe 22 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

85.     The infringing activity took place on November 16, 2010 at 3:10:02 a.m. UTC, 25 minutes and 45 seconds after Doe 21.

### Defendant Doe 23

86.     Defendant Doe 23 is unknown, but used the following IP address: 68.175.27.246.

87.     Doe 23 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

88.     The infringing activity took place on November 16, 2010 at 3:10:40 a.m. UTC, 38 seconds after Doe 22.

### Defendant Doe 24

89.     Defendant Doe 24 is unknown, but used the following IP address: 98.239.179.186.

90.     Doe 24 used this IP through the use of the A3E Hash address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

91.     The infringing activity took place on November 16, 2010 at 3:12:48 a.m. UTC, 2 minutes and 8 seconds after Doe 23.

### Defendant Doe 25

92.     Defendant Doe 25 is unknown, but used the following IP address: 68.227.121.86.

93.     Doe 25 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

94.     The infringing activity took place on November 16, 2010 at 3:40:02 a.m. UTC, 27 minutes and 14 seconds after Doe 24.

**Defendant Doe 26**

95.     Defendant Doe 26 is unknown, but used the following IP address: 174.52.56.235.

96.     Doe 26 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

97.     The infringing activity took place on November 16, 2010 at 3:40:33 a.m. UTC, 31 seconds after Doe 25.

**Defendant Doe 27**

98.     Defendant Doe 27 is unknown, but used the following IP address: 72.187.12.8.

99.     Doe 27 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

100.    The infringing activity took place on November 16, 2010 at 3:40:58 a.m. UTC, 25 seconds after Doe 26.

**Defendant Doe 28**

101.    Defendant Doe 28 is unknown, but used the following IP address: 75.68.43.33.

102.    Doe 28 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

103.    The infringing activity took place on November 16, 2010 at 4:03:58 a.m. UTC, 23 minutes after Doe 27.

**Defendant Doe 29**

104.    Defendant Doe 29 is unknown, but used the following IP address: 65.28.181.149.

105.    Doe 29 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

106.    The infringing activity took place on November 16, 2010 at 4:10:35 a.m. UTC, 6 minutes and 37 seconds after Doe 28.

**Defendant Doe 30**

107.    Defendant Doe 30 is unknown, but used the following IP address: 76.119.104.125.

108.    Doe 30 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

109.    The infringing activity took place on November 16, 2010 at 4:10:55 a.m. UTC, 20 seconds after Doe 29.

**Defendant Doe 31**

110.    Defendant Doe 31 is unknown, but used the following IP address: 66.31.137.241.

111.    Doe 31 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

112.    The infringing activity took place on November 16, 2010 at 4:10:55 a.m. UTC, at the exact same time as Doe 30.

**Defendant Doe 32**

113.    Defendant Doe 32 is unknown, but used the following IP address: 141.155.134.176.

114.    Doe 32 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

115.    The infringing activity took place on November 16, 2010 at 4:14:04 a.m. UTC, 3 minutes and 9 seconds after Doe 31.

**Defendant Doe 33**

116.    Defendant Doe 33 is unknown, but used the following IP address: 98.234.87.36.

117.    Doe 33 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

118.    The infringing activity took place on November 16, 2010 at 4:41:47 a.m. UTC, 27 minutes and 43 seconds after Doe 32.

**Defendant Doe 34**

119.    Defendant Doe 34 is unknown, but used the following IP address: 76.28.88.48.

120.    Doe 34 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

121.    The infringing activity took place on November 16, 2010 at 4:41:49 a.m. UTC, 2 seconds after Doe 33.

**Defendant Doe 35**

122.    Defendant Doe 35 is unknown, but used the following IP address: 72.208.138.74.

123.    Doe 35 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

124.    The infringing activity took place on November 16, 2010 at 5:11:26 a.m. UTC, 29 minutes and 37 seconds after Doe 34.

**Defendant Doe 36**

125.    Defendant Doe 36 is unknown, but used the following IP address: 67.248.242.40.

126.    Doe 36 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

127.    The infringing activity took place on November 16, 2010 at 5:18:44 a.m. UTC, 7 minutes and 18 seconds after Doe 35.

**Defendant Doe 37**

128.    Defendant Doe 37 is unknown, but used the following IP address: 98.210.184.103.

129.    Doe 37 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

130.    The infringing activity took place on November 16, 2010 at 5:19:18 a.m. UTC, 34 seconds after Doe 36.

**Defendant Doe 38**

131.    Defendant Doe 38 is unknown, but used the following IP address: 74.137.147.61.

132.    Doe 38 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

133.    The infringing activity took place on November 16, 2010 at 5:24:18 a.m. UTC, 5 minutes after Doe 37.

**Defendant Doe 39**

134.    Defendant Doe 39 is unknown, but used the following IP address: 173.58.213.168.

135.    Doe 39 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

136.    The infringing activity took place on November 16, 2010 at 5:33:03 a.m. UTC, 8 minutes and 45 seconds after Doe 38.

**Defendant Doe 40**

137.    Defendant Doe 40 is unknown, but used the following IP address: 24.19.223.33.

138.    Doe 40 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

139.    The infringing activity took place on November 16, 2010 at 5:41:27 a.m. UTC, 8 minutes and 24 seconds after Doe 39.

**Defendant Doe 41**

140.    Defendant Doe 41 is unknown, but used the following IP address: 174.48.179.194.

141.    Doe 41 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

142.    The infringing activity took place on November 16, 2010 at 5:41:36 a.m. UTC, 9 seconds after Doe 40.

**Defendant Doe 42**

143.    Defendant Doe 42 is unknown, but used the following IP address: 207.38.142.83.

144.    Doe 42 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

145.    The infringing activity took place on November 16, 2010 at 5:44:13 a.m. UTC, 2 minutes and 37 seconds after Doe 41.

**Defendant Doe 43**

146.    Defendant Doe 43 is unknown, but used the following IP address: 76.126.173.4.

147.    Doe 43 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

148.    The infringing activity took place on November 16, 2010 at 5:50:00 a.m. UTC, 5 minutes and 47 seconds after Doe 42.

**Defendant Doe 44**

149.    Defendant Doe 44 is unknown, but used the following IP address: 71.197.87.243.

150.    Doe 44 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

151.    The infringing activity took place on November 16, 2010 at 5:59:34 a.m. UTC, 9 minutes and 34 seconds after Doe 43.

**Defendant Doe 45**

152.    Defendant Doe 45 is unknown, but used the following IP address: 76.19.199.160.

153.    Doe 45 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

154.    The infringing activity took place on November 16, 2010 at 6:12:32 a.m. UTC, 12 minutes and 58 seconds after Doe 44.

**Defendant Doe 46**

155.    Defendant Doe 46 is unknown, but used the following IP address: 65.34.199.58.

156.   Doe 46 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

157.   The infringing activity took place on November 16, 2010 at 6:13:11 a.m. UTC, 39 seconds after Doe 45.

### Defendant Doe 47

158.   Defendant Doe 47 is unknown, but used the following IP address: 68.103.94.38.

159.   Doe 47 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

160.   The infringing activity took place on November 16, 2010 at 7:11:58 a.m. UTC, 58 minutes and 47 seconds after Doe 46.

### Defendant Doe 48

161.   Defendant Doe 48 is unknown, but used the following IP address: 76.94.150.251.

162.   Doe 48 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

163.   The infringing activity took place on November 16, 2010 at 7:12:07 a.m. UTC, 9 seconds after Doe 47.

### Defendant Doe 49

164.   Defendant Doe 49 is unknown, but used the following IP address: 184.77.103.132.

165.   Doe 49 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

166.   The infringing activity took place on November 16, 2010 at 7:42:01 a.m. UTC, 29 minutes and 54 seconds after Doe 48.

### Defendant Doe 50

167.   Defendant Doe 50 is unknown, but used the following IP address: 173.73.188.94.

168.    Doe 50 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

169.    The infringing activity took place on November 16, 2010 at 7:42:07 a.m. UTC, 6 seconds after Doe 49.

### Defendant Doe 51

170.    Defendant Doe 51 is unknown, but used the following IP address: 71.225.65.113.

171.    Doe 51 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

172.    The infringing activity took place on November 16, 2010 at 8:16:32 a.m. UTC, 34 minutes and 25 seconds after Doe 50.

### Defendant Doe 52

173.    Defendant Doe 52 is unknown, but used the following IP address: 71.63.158.52.

174.    Doe 52 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

175.    The infringing activity took place on November 16, 2010 at 8:29:21 a.m. UTC, 12 minutes and 49 seconds after Doe 51.

### Defendant Doe 53

176.    Defendant Doe 53 is unknown, but used the following IP address: 72.220.37.136.

177.    Doe 53 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

178.    The infringing activity took place on November 16, 2010 at 8:45:24 a.m. UTC, 16 minutes and 3 seconds after Doe 52.

### Defendant Doe 54

179.    Defendant Doe 54 is unknown, but used the following IP address: 69.181.49.88.

180. Doe 54 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

181. The infringing activity took place on November 16, 2010 at 8:45:25 a.m. UTC, 1 second after Doe 53.

### Defendant Doe 55

182. Defendant Doe 55 is unknown, but used the following IP address: 24.145.240.126.

183. Doe 55 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

184. The infringing activity took place on November 16, 2010 at 8:45:25 a.m. UTC, 7 seconds after Doe 54.

### Defendant Doe 56

185. Defendant Doe 56 is unknown, but used the following IP address: 71.117.189.145.

186. Doe 56 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

187. The infringing activity took place on November 16, 2010 at 8:45:38 a.m. UTC, 6 seconds after Doe 55.

### Defendant Doe 57

188. Defendant Doe 57 is unknown, but used the following IP address: 98.165.202.97.

189. Doe 57 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

190. The infringing activity took place on November 16, 2010 at 8:45:42 a.m. UTC, 4 seconds after Doe 56.

### Defendant Doe 58

191. Defendant Doe 58 is unknown, but used the following IP address: 68.33.222.175.

192.    Doe 58 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

193.    The infringing activity took place on November 16, 2010 at 8:45:47 a.m. UTC, 5 seconds after Doe 57.

**Defendant Doe 59**

194.    Defendant Doe 59 is unknown, but used the following IP address: 24.215.181.189.

195.    Doe 59 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

196.    The infringing activity took place on November 16, 2010 at 8:47:45 a.m. UTC, 1 minute and 58 seconds after Doe 58.

**Defendant Doe 60**

197.    Defendant Doe 60 is unknown, but used the following IP address: 71.188.113.224.

198.    Doe 60 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

199.    The infringing activity took place on November 16, 2010 at 8:53:38 a.m. UTC, 5 minutes and 53 seconds after Doe 59.

**Defendant Doe 61**

200.    Defendant Doe 61 is unknown, but used the following IP address: 24.6.1.28.

201.    Doe 61 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

202.    The infringing activity took place on November 16, 2010 at 9:20:31 a.m. UTC, 26 minutes and 53 seconds after Doe 60.

**Defendant Doe 62**

203.    Defendant Doe 62 is unknown, but used the following IP address: 98.254.231.220.

204.    Doe 62 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

205.    The infringing activity took place on November 16, 2010 at 9:30:51 a.m. UTC, 10 minutes and 20 seconds after Doe 61.

**Defendant Doe 63**

206.    Defendant Doe 63 is unknown, but used the following IP address: 75.72.179.135.

207.    Doe 63 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

208.    The infringing activity took place on November 16, 2010 at 9:50:39 a.m. UTC, 19 minutes and 42 seconds after Doe 62.

**Defendant Doe 64**

209.    Defendant Doe 64 is unknown, but used the following IP address: 98.14.166.232.

210.    Doe 64 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

211.    The infringing activity took place on November 16, 2010 at 10:20:43 a.m. UTC, 30 minutes and 4 seconds after Doe 63.

**Defendant Doe 65**

212.    Defendant Doe 65 is unknown, but used the following IP address: 76.100.110.92.

213.    Doe 65 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

214.    The infringing activity took place on November 16, 2010 at 10:22:52 a.m. UTC, 2 minutes and 09 seconds after Doe 64.

**Defendant Doe 66**

215.     Defendant Doe 66 is unknown, but used the following IP address: 96.27.1.102.

216.     Doe 66 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

217.     The infringing activity took place on November 16, 2010 at 10:50:43 a.m. UTC, 27 minutes and 51 seconds after Doe 65.

**Defendant Doe 67**

218.     Defendant Doe 67 is unknown, but used the following IP address: 68.198.187.22.

219.     Doe 67 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

220.     The infringing activity took place on November 16, 2010 at 10:51:01 a.m. UTC, 18 seconds after Doe 66.

**Defendant Doe 68**

221.     Defendant Doe 68 is unknown, but used the following IP address: 74.100.17.204.

222.     Doe 68 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

223.     The infringing activity took place on November 16, 2010 at 11:22:16 a.m. UTC, 31 minutes and 15 seconds after Doe 67.

**Defendant Doe 69**

224.     Defendant Doe 69 is unknown, but used the following IP address: 75.142.60.48.

225.     Doe 69 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

226.     The infringing activity took place on November 16, 2010 at 11:53:58 a.m. UTC, 31 minutes and 42 seconds after Doe 68.

**Defendant Doe 70**

227.     Defendant Doe 70 is unknown, but used the following IP address: 71.167.46.23.

228.    Doe 70 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

229.    The infringing activity took place on November 16, 2010 at 12:38:18 p.m. UTC, 44 minutes and 20 seconds after Doe 69.

**Defendant Doe 71**

230.    Defendant Doe 71 is unknown, but used the following IP address: 70.176.118.210.

231.    Doe 71 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

232.    The infringing activity took place on November 16, 2010 at 1:21:28 p.m. UTC, 43 minutes and 10 seconds after Doe 70.

**Defendant Doe 72**

233.    Defendant Doe 72 is unknown, but used the following IP address: 68.185.37.219.

234.    Doe 72 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

235.    The infringing activity took place on November 16, 2010 at 1:22:11 p.m. UTC, 43 seconds after Doe 71.

**Defendant Doe 73**

236.    Defendant Doe 73 is unknown, but used the following IP address: 98.145.117.130.

237.    Doe 73 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

238.    The infringing activity took place on November 16, 2010 at 1:28:43 p.m. UTC, 6 minutes and 32 seconds after Doe 72.

**Defendant Doe 74**

239.    Defendant Doe 74 is unknown, but used the following IP address: 75.182.22.59.

240.   Doe 74 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

241.   The infringing activity took place on November 16, 2010 at 2:06:05 p.m. UTC, 37 minutes and 22 seconds after Doe 73.

### Defendant Doe 75

242.   Defendant Doe 75 is unknown, but used the following IP address: 69.140.72.25.

243.   Doe 75 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

244.   The infringing activity took place on November 16, 2010 at 2:41:51 p.m. UTC, 35 minutes and 46 seconds after Doe 74.

### Defendant Doe 76

245.   Defendant Doe 76 is unknown, but used the following IP address: 71.56.236.251.

246.   Doe 76 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

247.   The infringing activity took place on November 16, 2010 at 3:43:15 p.m. UTC, 1 hour, 1 minute and 24 seconds after Doe 75.

### Defendant Doe 77

248.   Defendant Doe 77 is unknown, but used the following IP address: 24.22.41.189.

249.   Doe 77 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

250.   The infringing activity took place on November 16, 2010 at 3:43:58 p.m. UTC, 43 seconds after Doe 76.

### Defendant Doe 78

251.   Defendant Doe 78 is unknown, but used the following IP address: 75.138.127.108.

252.    Doe 78 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

253.    The infringing activity took place on November 16, 2010 at 4:13:12 p.m. UTC, 29 minutes and 14 seconds after Doe 77.

### Defendant Doe 79

254.    Defendant Doe 79 is unknown, but used the following IP address: 98.248.159.9.

255.    Doe 79 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

256.    The infringing activity took place on November 16, 2010 at 4:43:12 p.m. UTC, 30 minutes after Doe 78.

### Defendant Doe 80

257.    Defendant Doe 80 is unknown, but used the following IP address: 68.105.176.63.

258.    Doe 80 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

259.    The infringing activity took place on November 16, 2010 at 6:16:02 p.m. UTC, 1 hour, 32 minutes and 50 seconds after Doe 79.

### Defendant Doe 81

260.    Defendant Doe 81 is unknown, but used the following IP address: 24.10.188.231.

261.    Doe 81 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

262.    The infringing activity took place on November 16, 2010 at 6:50:16 p.m. UTC, 34 minutes and 14 seconds after Doe 80.

### Defendant Doe 82

263.    Defendant Doe 82 is unknown, but used the following IP address: 96.245.68.90.

264.   Doe 82 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

265.   The infringing activity took place on November 16, 2010 at 7:28:17 p.m. UTC, 38 minutes and 01 seconds after Doe 81.

**Defendant Doe 83**

266.   Defendant Doe 83 is unknown, but used the following IP address: 72.231.28.122.

267.   Doe 83 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

268.   The infringing activity took place on November 16, 2010 at 7:36:22 p.m. UTC, 08 minutes and 5 seconds after Doe 82.

**Defendant Doe 84**

269.   Defendant Doe 84 is unknown, but used the following IP address: 76.184.253.141.

270.   Doe 84 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

271.   The infringing activity took place on November 16, 2010 at 7:50:36 p.m. UTC, 14 minutes and 14 seconds after Doe 83.

**Defendant Doe 85**

272.   Defendant Doe 85 is unknown, but used the following IP address: 76.90.66.151.

273.   Doe 85 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

274.   The infringing activity took place on November 16, 2010 at 8:22:19 p.m. UTC, 31 minutes and 43 seconds after Doe 84.

**Defendant Doe 86**

275.   Defendant Doe 86 is unknown, but used the following IP address: 74.71.208.103.

276.   Doe 86 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

277.   The infringing activity took place on November 16, 2010 at 8:52:06 p.m. UTC, 29 minutes and 47 seconds after Doe 85.

### Defendant Doe 87

278.   Defendant Doe 87 is unknown, but used the following IP address: 24.126.33.20.

279.   Doe 87 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

280.   The infringing activity took place on November 16, 2010 at 9:22:01 p.m. UTC, 29 minutes and 55 seconds after Doe 86.

### Defendant Doe 88

281.   Defendant Doe 88 is unknown, but used the following IP address: 67.173.145.30.

282.   Doe 88 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

283.   The infringing activity took place on November 16, 2010 at 9:23:53 p.m. UTC, 1 minutes and 52 seconds after Doe 87.

### Defendant Doe 89

284.   Defendant Doe 89 is unknown, but used the following IP address: 70.124.49.191.

285.   Doe 89 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

286.   The infringing activity took place on November 16, 2010 at 9:31:05 p.m. UTC, 7 minutes and 12 seconds after Doe 88.

### Defendant Doe 90

287.   Defendant Doe 90 is unknown, but used the following IP address: 184.189.215.221.

288.   Doe 90 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

289.   The infringing activity took place on November 16, 2010 at 9:33:33 p.m. UTC, 2 minutes and 28 seconds after Doe 89.

### Defendant Doe 91

290.   Defendant Doe 91 is unknown, but used the following IP address: 98.249.6.174.

291.   Doe 91 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

292.   The infringing activity took place on November 16, 2010 at 10:30:35 p.m. UTC, 57 minutes and 02 seconds after Doe 90.

### Defendant Doe 92

293.   Defendant Doe 92 is unknown, but used the following IP address: 66.31.219.177.

294.   Doe 92 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

295.   The infringing activity took place on November 16, 2010 at 10:30:36 p.m. UTC, 1 second after Doe 91.

### Defendant Doe 93

296.   Defendant Doe 93 is unknown, but used the following IP address: 98.216.106.88.

297.   Doe 93 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

298.   The infringing activity took place on November 16, 2010 at 11:00:31 p.m. UTC, 29 minutes and 55 seconds after Doe 92.

### Defendant Doe 94

299.   Defendant Doe 94 is unknown, but used the following IP address: 68.102.123.217.

300.    Doe 94 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

301.    The infringing activity took place on November 16, 2010 at 11:30:31 p.m. UTC, 30 minutes after Doe 93.

### Defendant Doe 95

302.    Defendant Doe 95 is unknown, but used the following IP address: 173.48.171.19.

303.    Doe 95 used this IP address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture through the use of the A3E Hash to an unknown number of other individuals over the Internet.

304.    The infringing activity took place on November 16, 2010 at 11:30:32 p.m. UTC, 1 second after Doe 94.

### IV.  COPYRIGHT AND BITTORRENT

305.    BitTorrent is a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet, including files containing digital versions of motion pictures.  Rather than downloading a file from a single source, the BitTorrent protocol allows users to join a "swarm," or group, of hosts to download and upload from each other simultaneously.  The process works as follows:

   a. First, users download a torrent file onto their computer.  This file contains a unique hash code known as the SHA-1 hash – which is a unique identifier generated by a mathematical algorithm developed by the National Security Agency.  This torrent file contains a "roadmap" to the IP addresses of other users who are sharing the media file identified by the unique hash value, as well as specifics about the media file.  The media file could be any large file, such as a digital motion picture or music file.

   b. Second, the user opens the torrent file with a BitTorrent program, also known as a BitTorrent "client" application, which is capable of reading the roadmap encoded in the torrent file.  This client program, after reading the roadmap, connects "uploaders" of the file (i.e. those that are distributing the content) with "downloaders" of the file (i.e. those that are copying the content).

During this process, the client reaches out to one or more "trackers" that are identified on the roadmap. A tracker is an Internet server application that records the IP addresses associated with users who are currently sharing any number of media files identified by their unique hash values and then directs a BitTorrent user's computer to other users who have the particular file each user is seeking to download.

306. For a BitTorrent user, this process is quite simple. When a BitTorrent user seeks to download a motion picture, he or she merely opens the appropriate torrent file, which may be found online on any number of torrent search engine websites, using a BitTorrent client application.

307. Because BitTorrent client software generally lacks the ability to search for torrents, end-users use search engines or other websites that contain indices of torrent files to find files being made available by other BitTorrent users. These torrent files do not contain audio or visual media, but instruct the user's BitTorrent client where to go and how to obtain the desired file.

308. The downloading user's BitTorrent client then extracts a list containing one or more tracker locations, which it then uses to connect to at least one tracker that will identify IP addresses where the file is available. Each IP address identifies an uploading user who is currently running a BitTorrent client on his or her computer and who is currently offering the desired motion picture file for download. The downloading user's BitTorrent software then begins downloading the motion picture file without any further effort from the user, by communicating with the BitTorrent client programs running on the uploading users' computers.

309. The life cycle of a file shared using BitTorrent begins with just one individual – the initial propagator, sometimes called a "seed" user or "seeder." The initial propagator intentionally elects to share a file with a torrent swarm. The original file, in this case, contains Plaintiff's entire copyrighted work.

310. Other members of the swarm connect to the seed to download the file, wherein the download creates an exact digital copy of Plaintiff's copyrighted work on the downloaders' computers. As additional thieves request the same file, each additional thief joins the collective swarm, and each new thief receives the same or different pieces of the file from each other thief

in the swarm who has already downloaded any part of the file. Eventually, once the initial propagator has distributed each piece of the file to at least one other thief, so that together the pieces downloaded by members of the swarm comprises the whole motion picture when reassembled, the initial propagator may leave the swarm, and the remaining thieves can still obtain a full copy of the motion picture by exchanging the pieces of the motion picture that each one has.

311. Files downloaded in this method are received in hundreds or even thousands of individual pieces. Each piece that is downloaded is immediately thereafter made available for distribution to other users seeking the same complete file. The effect of this technology makes every downloader also an uploader of the content. This means that every user who has a copy of the infringing material in a swarm may also be a source for later downloaders of that material.

312. In the BitTorrent world, there is honor among thieves. Those who merely download files, without publishing and sharing files, are derisively called "leechers."

313. Being a leecher is not only a negative due to the pejorative terminology, but leechers are also punished by the torrent swarm.

314. BitTorrent's protocol stalls the downloads of leechers, in an effort to preserve network speed for the more prolific copyright infringers. The sharing of files as users receive them, then, is inherent in BitTorrent's use for the protocol to be of any utility to the end user.

315. This distributed nature of BitTorrent leads to a rapid viral sharing of a file throughout the collective peer users. As more peers join the collective swarm, the frequency of successful downloads also increases. Because of the nature of BitTorrent protocol, any seed peer that has downloaded a file prior to the time that a subsequent peer downloads the same file is automatically a source for the subsequent peer, so long as that first peer is online at the time the subsequent peer requests download of the file from the swarm. Because of the nature of the collective swarm downloads as articulated above, every infringer is – and by necessity together – simultaneously both stealing the Plaintiff's copyrighted material and redistributing it.

316. Plaintiff has recorded each Defendant named herein actually publishing the Motion Picture via BitTorrent.

317. Plaintiff's Motion Picture is easily discernable as a professional work. Plaintiff created the works using professional performers, directors, cinematographers, lighting

technicians, set designers and editors.   Plaintiff created each work with professional-grade cameras, lighting, and editing equipment.

318.   Each of Plaintiff's works is marked with Plaintiff's trademark (CORBIN FISHER®), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. § 2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Diego, California.

319.   At various times, Plaintiff discovered and documented its copyrighted work being publicly distributed by Does 1-95 by and through the BitTorrent network.

320.   Defendants, without authorization, copied and distributed audiovisual works owned by and registered to Plaintiff in violation of 17 U.S.C. §§ 106(1) and (3).

## V.  DEFENDANTS ARE MEMBERS OF A SINGLE BITTORRENT SWARM

321.   Defendants are peer members who have all collectively participated in the same peer-to-peer (hereinafter, "P2P") network swarm that was utilized to unlawfully infringe upon Plaintiff's exclusive rights in its copyrighted film without permission.

322.   Defendants initiated their infringement by searching for and obtaining a torrent file containing information sufficient to locate and download Plaintiff's copyrighted Motion Picture.  Thereafter, each Defendant opened the torrent file using a BitTorrent client application that was specifically developed to read such files.

323.   The unique file identifier generated by an algorithm developed by the National Security Agency associated with the instant action is the A3E Hash.  Each Defendant is a member of the same collective swarm associated with the A3E Hash, and each acted collectively, and in concert, in effectuating the illegal and unauthorized sharing of Plaintiff's copyrighted work.

324.   Each Defendant owns or otherwise has control of a different computer collectively connected to the Internet that contained – or possibly still contains – a torrent file identifying Plaintiff's copyrighted work.   Each computer also contained or still contains Plaintiff's copyright work, which was downloaded using the information encoded in that torrent file.

325.   All of the defendants republished and duplicated the Plaintiff's Motion Picture. Moreover, they did not only replicate the same motion picture, but all of the defendants, as

members of the same swarm, republished, duplicated, and replicated the precise same copy and same A3E Hash version of the Motion Picture, thus demonstrating that all of the defendants shared and replicated the same motion picture with one another, thus linking them all together in a massive conspiracy and concerted effort to deprive the Plaintiff of its exclusive rights in the Motion Picture under the Copyright Act.

326.   Defendant peers each utilized a torrent file to upload and download Plaintiff's copyrighted film without permission through use of the BitTorrent file transfer protocol.

327.   Each Defendant peer, consistent with using a BitTorrent P2P network, obtained a torrent file containing sufficient information to locate and download a copy of Plaintiff's Motion Picture.

328.   After each Defendant peer downloaded a torrent containing information concerning sources of Plaintiff's copyrighted Motion Picture, each Defendant used that information to connect to other Defendants for the purpose of sharing Plaintiff's copyrighted work with other members of the BitTorrent collective network.

329.   Plaintiff's copyrighted Motion Picture was then uploaded and downloaded through a single swarm collective among the various Defendants in concert – all members sharing the same exact video, using the same exact hash identifier.

330.   Once connected to the BitTorrent swarm sharing Plaintiff's copyrighted Motion Picture, the Defendant peers shared the Motion Picture between each other by trading small portions of the file containing a digital copy of the Motion Picture.  More precisely, the BitTorrent network divided the original copyrighted work into many small pieces and distributed these pieces throughout the swarm until each of the collectively participating Defendants in the swarm had a partial or complete infringing copy of the Motion Picture.

331.   Based on this information, Defendants all participated in the same collective swarm, infringing upon Plaintiff's exclusive rights in its work by uploading (distributing) and downloading (reproducing) Plaintiff's copyrighted film, and through their actions each Defendant assisted each and every other Defendant, each members of the P2P network swarm, to illegally download Plaintiff's copyrighted work.

## VI.  FIRST CAUSE OF ACTION

### (Copyright Infringement 17 U.S.C. § 501)

332.   The Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

333.   Plaintiff is, and at all relevant times has been, the copyright owner of the copyrighted work infringed upon by all Defendants, "Down on the Farm." Exh. 1.

334.   Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute it – rights which Defendants maliciously and intentionally infringed upon.

335.   Plaintiff is informed and believes, and on that basis alleges, that Defendants without the permission or consent of Plaintiff, have used, and continue to use, the BitTorrent file transfer protocol to distribute the Motion Picture to the public, and/or make the Motion Picture available for distribution to others, including other BitTorrent users.  In doing so, Defendants have violated Plaintiff's exclusive rights of reproduction and distribution.  Defendants' actions constitute infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act.

336.   Plaintiff is informed and believes and on that basis alleges that the foregoing acts of infringement were willful and intentional.

337.   As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504(c), and to its attorney fees pursuant to 17 U.S.C. § 505.

338.   The conduct of Defendants is causing and will continue to cause Plaintiff great and irreparable injury.  Such harm will continue unless the Defendants are enjoined from such conduct by this Honorable Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and ordering Defendants to destroy all copies of the Motion Picture made in violation of Plaintiff's exclusive rights under the Copyright Act.

## VII.  SECOND CAUSE OF ACTION

### (CONTRIBUTORY COPYRIGHT INFRINGEMENT)

339.   Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

340.    It is helpful to think of the process of "torrenting" in the context of a constructed puzzle.  In furtherance of sharing this puzzle, it is deconstructed into tiny pieces.  These pieces are then uploaded and distributed among one or more peers.  When an infringer seeks to download the original file, he downloads a torrent file containing information concerning where each of the distributed pieces of the file can be found, i.e., how to find and contact each peer.  Each torrent file that contains information about the same original file is contains the same "hash" value, which is a string of letters and numbers that uniquely identifies the original file that the torrent file may be used to locate and download.  This torrent file is capable of locating all the unique corresponding pieces that make up the original file (and any additional copies of each piece that may be available).  Once all the pieces are located and downloaded they are reconstructed back into the original order completing the entire original copyrighted file.

341.    When users all possess the same infringing work with the same exact hash value (as in this case), it is because each infringer possesses an <u>exact</u> digital copy, containing the exact bits unique to that file, of the original work.  In essence, although hundred of users may be uploading the copyrighted work, you will receive only the exact parts of a singular upload, not a compilation of available pieces from various uploads.

342.    Each of the Defendants published the precise same "hash" file, described in Paragraph 13, to the BitTorrent network.

343.    Each Defendant downloaded, uploaded and distributed the Motion Picture to each other, in concert with one another and through use of the exact same protocol.

344.    Because it is the exact same motion picture, using the exact same hash, in the same general timeframe, the transaction of events at issue in this Complaint is common to all Defendants, thus rendering the Defendants properly joined in this action.

345.    BitTorrent users upload infringing works in concert in order to gain access and ability to download other infringing copyrighted works.

346.    As each of the thousands of people who illegally downloaded the movie accessed this illegal publication, they derived portions of their illegal replication of the file from multiple persons, including but not limited to the Defendants named in this action.

347.   The Defendants knew of the infringement, were conscious of their own infringement, and the Defendants were conscious of the fact that multiple other persons derivatively downloaded the file containing the Plaintiff's Motion Picture.

348.   The infringement by other BitTorrent users could not have occurred but for the Defendant's participation in uploading the Plaintiffs protected work.   As such, the Defendants participation in the infringing activities of others is substantial.

349.   The Defendants each profited from this contributory infringement by way of being granted access to a greater library of other infringing works, some of which belonged to the Plaintiff and some of which belonged to other copyright owners.

## VIII.  THIRD CAUSE OF ACTION
### (CIVIL CONSPIRACY)

350.   Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

351.   Without authorization, each of the Jon Doe Defendants uploaded and distributed Plaintiff's copyrighted works by and through the BitTorrent file transfer protocol.

352.   The BitTorrent file transfer protocol is used almost exclusively to locate, reproduce, and distribute infringing content.

353.   Plaintiff is informed and believes and based thereon alleges that the material made available by and through the BitTorrent file transfer protocol includes a substantial amount of obviously unauthorized material including, for example, first run feature films prior to DVD or even box office release.

354.   In order to access and use the BitTorrent file transfer protocol, a user must first download special software called a BitTorrent client.

355.   The center of the conspiracy is the scheme to traffic in infringing content.   If authorities remove any of the BitTorrent trackers from service, the others may continue to operate.

356.   The purpose of the BitTorrent file transfer protocol (i.e., for certain participants to identify themselves as a source for a file hash to one or more trackers and thereby facilitate the reproduction and distribution of infringing copies of copyrighted works between a network of

coconspirators) is apparent to any user who downloads a BitTorrent client and uses the client for that purpose.

357.     Once a user identifies and selects the infringing content he wants to download, he or she can then use the BitTorrent client to locate that file, or any portion thereof, on the computers of other users offering the file for distribution and then transfer the infringing file to his or her computer.

358.     The transfer of infringing files cannot occur without the existence and assistance of the participant users, including the Defendants named herein, who supply the infringing content.

359.     Plaintiff is informed and believes and based thereon alleges that each of the Defendants downloaded a BitTorrent client for the purpose of conspiring with other BitTorrent users to reproduce and distribute movies in violation of copyright laws.

360.     Plaintiff is informed and believes and based thereon alleges that at the time each Doe Defendant downloaded a BitTorrent client, he or she knew the client would provide access to infringing movies made available by other users and would allow the Defendant to provide infringing movies to other BitTorrent users.

361.     Plaintiff is informed and believes, and based thereon alleges, that at the time each Doe Defendant downloaded a BitTorrent client, he or she intended to access a network of other BitTorrent users for the purpose of reproducing and exchanging infringing copies of movies in violation of copyright laws.

362.     Plaintiff is informed and believes, and based thereon alleges, that BitTorrent clients reward users for making content available to others by enabling faster download speeds for those who make content available.

363.     In addition to the infringing files containing digital copies of Plaintiff's movies, each identified Doe Defendant without authorization offered large amounts of infringing content belonging to other copyright holders for others to download, knowing the infringing nature of the content they offered.

364.     Plaintiff is informed and believes and based thereon alleges that each Defendant without authorization offered large amounts of infringing content to others, knowing that other

BitTorrent users would download the infringing content and further distribute it in exchange for still more infringing content.

365.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant distributed infringing movies in anticipation of receiving copies of infringing movies in return, including Plaintiff's copyrighted Motion Picture.

366.   Each Doe Defendant knew or should have known that the infringing content the Defendant downloaded to his computer came from the computers of other users, who made the content available to him or her, as well as others in the same network of BitTorrent users, in violation of copyright laws.

367.   Each Doe Defendant understood the nature of the conspiracy to violate copyrights and agreed to join the conspiracy by downloading a BitTorrent client with the intention of using that BitTorrent client to knowingly download, reproduce, and distribute infringing files with coconspirators.

368.   Each Defendant engaged in an unlawful act in furtherance of the conspiracy when he, without authorization, used a BitTorrent client to download, reproduce, and distribute copies of Plaintiff's copyright registered works.

369.   Defendants, all and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works, including Plaintiff's works, in exchange for infringing reproductions of other copyright protected works, including Plaintiff's works.

370.   Each Defendant took affirmative steps to advance the conspiracy by unlawfully and without authorization reproducing Plaintiff's copyrighted works and distributing those works to coconspirators by and through the BitTorrent file transfer protocol in anticipation of receiving other infringing copies of copyright protected works in exchange.

371.   The Defendants' conspiracy with others to unlawfully reproduce and distribute infringing copies of its works by and through the BitTorrent file transfer protocol caused Plaintiff harm in an amount to be determined at trial.

372.   Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants participation in the conspiracy to violate copyright laws.

## IX.  FOURTH CAUSE OF ACTION

## (NEGLIGENCE)

373.   Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

374.   Defendants accessed, or controlled access, to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's Motion Picture described above.

375.   Defendants failed to adequately secure their Internet access, whether accessible only through their computer when physically connected to an Internet router, or accessible to many computers by use of a wireless router, and failed to prevent its use for this unlawful purpose.

376.   Reasonable Internet users take steps to secure their Internet access accounts to prevent the use of such accounts for nefarious and illegal purposes.  As such, Defendants' failure to secure their Internet access accounts, and thereby prevent such illegal uses thereof, constitutes a breach of the ordinary care that reasonable persons exercise in using an Internet access account.

377.   Upon information and belief, Plaintiff alleges that Defendants' failure to secure their Internet access allowed for the copying and sharing of Plaintiff's Motion Picture by use of the BitTorrent protocol on Defendants' respective Internet connections, and interfering with Plaintiff's exclusive rights in the copyrighted work.

378.   By virtue of this unsecured access, Defendants negligently allowed the use of their Internet access accounts to perform the above-described copying and sharing of Plaintiff's copyrighted Motion Picture.

379.   Had Defendants taken reasonable care in securing access to their Internet connections, such infringements as those described above would not have occurred by the use of their Internet access accounts.

380.   Defendants' negligent actions allowed others to unlawfully copy and share Plaintiff's copyrighted Motion Picture, proximately causing financial harm to Plaintiff and unlawfully interfering with Plaintiff's exclusive rights in the Motion Picture.

## PLAINTIFF'S REQUEST FOR RELIEF

1.    For an injunction providing:

       Defendant shall be and hereby is enjoined from directly or indirectly infringing upon the Plaintiff's copyrights in the Motion Picture or any other works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's works, to distribute (i.e., upload) any of Plaintiff's works, or to make any of Plaintiff's works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express consent.   Defendant also shall destroy all copies of Plaintiff's works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded works transferred onto any physical medium or device in Defendant's possession, custody, or control.

2.    For damages for each infringement of each copyrighted work pursuant to 17 U.S.C. § 504.  These damages may be actual or statutory, but if statutory damages are elected, the Defendants' acts were willful in nature, justifying an award of up to $150,000 per infringement, and Plaintiff reserves the right to make such an election.

3.    For Plaintiff's costs in this action.

4.    For Plaintiff's attorneys' fees incurred in bringing this action.

5.    For such other and further relief, either at law or in equity, general or special, to which the may be entitled.

Date: March 28, 2011.

<div style="margin-left:40%">

s/ Marc Randazza
Marc Randazza, SBN269535
Randazza Legal Group
MJR@randazza.com
3969 Fourth Ave., Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)

</div>

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Liberty Media Holdings, LLC

**DEFENDANTS**
SWARM OF NOVEMBER 16, 2010, SHARING HASH FILE
A3E6F65F2E3D672400A5908F64ED55B66A0880B8; AND DOES 1
through 95,

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   unknown
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marc Randazza, Randazza Legal Group
3969 4th Ave, #204, San Diego, CA 92103
888-667-1113

Attorneys (If Known)

**'11 CV0619 BTM BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Section 501
Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $150,000 per infringement
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   3/28/11
SIGNATURE OF ATTORNEY OF RECORD   s/ Marc Randazza

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____