UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>          Plaintiff,<br>v.<br><br>SWARM OF NOVEMBER 16, 2010, SHARING HASH FILE A3E6F65F2E3D672400A5908F64ED55B66A0880B8; and DOES 1 through 95,<br><br>          Defendants. | Case No. 11cv619-BTM (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EARLY DISCOVERY**<br><br>[ECF No. 4] |

Plaintiff Liberty Media Holdings is the registered owner of the copyright to a motion picture titled, "Corbin Fisher Amateur College Men Down on the Farm." Compl. Ex. 1. Plaintiff filed a complaint against Doe defendants alleging copyright infringement, contributory copyright infringement, civil conspiracy, and negligence. Compl. ¶¶ 332-80. Plaintiff alleges that Defendants, "whose true identities are currently unknown, acted in a collective and interdependent manner in the unlawful reproduction and distribution of Plaintiff's [copyrighted film] using BitTorrent file transfer protocol." Compl. ¶ 2. BitTorrent, a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet, allows users to join a network "swarm" to download and upload content from each other simultaneously. Compl. ¶ 305. Plaintiff does not know the true names or capacities of the Doe defendants who engaged in the alleged rapid

viral sharing of Plaintiff's copyrighted film, but Plaintiff does know their respective Internet Protocol ("IP") addresses.  Comp. ¶ 11.

Three days after filing its Complaint, Plaintiff filed the instant Motion for Early Discovery. ECF No. 4.  Plaintiff seeks an Order from this Court allowing it to issue subpoenas to the Defendants' Internet Service Providers (ISPs) requesting the Defendants' personally identifiable information.  ECF No. 4-1 at 1.  Plaintiff asks that the Order instruct these ISPs and cable operators—specifically Charter Communications, Comcast Cable, Cox Communications, Earthlink, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Time Warner d/b/a Road Runner, Verizon Internet Services, WideOpenWest, and Windstream Communications—to produce "any and all documents and/or information sufficient to identify the user or users" of the identified IP addresses during the dates and times listed in Exhibit 1 to Plaintiff's Complaint.  Id. at 2.  In order to determine whether or not the subsequently identified users of these IP addresses actually performed the acts complained of, Plaintiff also requests permission to "propound limited discovery in the form of interrogatories and depositions" on any individual identified by the ISPs.  Id. at 1.

The Court, having read all papers filed in connection with Plaintiff's Motion for Early Discovery, and having considered the issues raised therein, including the requirements of the Cable Privacy Act, 47 U.S.C. § 551, **GRANTS IN PART and DENIES IN PART** Plaintiff's motion.

## DISCUSSION

**A.     The Cable Privacy Act**

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber.  47 U.S.C. § 551(c)(1).  However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order.  47 U.S.C. § 551(c)(2)(B).  A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such

a cable system." 47 U.S.C. § 522(5). Accordingly, Plaintiff seeks an Order instructing Charter Communications, Comcast Cable, Cox Communications, Earthlink, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Time Warner d/b/a Road Runner, Verizon Internet Services, WideOpenWest, and Windstream Communications to produce documents and information sufficient to identify the users of the specified IP addresses.

**B.     Early Discovery**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party obtains a stipulation or court order to conduct the discovery. Fed. R. Civ. P. 26(d)(1). A court order allowing early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (adopting and applying the conventional standard of good cause in evaluating a plaintiff's request for expedited discovery).

Although discovery usually takes place only after a defendant has been served, "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . in which the tortious activity occurred entirely on-line . . . because the defendant may have used a fictitious name and address in the commission of the tortious acts." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have, in rare cases, "permitt[ed] limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Id. (citations omitted).

In determining whether a motion for expedited discovery should be granted to identify anonymous Internet users named as Doe defendants, courts consider whether: (1) the plaintiff can "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court"; (2) the plaintiff has "identif[ied] all previous steps taken to locate the elusive defendant"; and (3) the "plaintiff's suit against defendant could withstand a motion to dismiss." Id. at 578-80.

**1.     Identification of Defendants**

Plaintiff provides the Court with the unique IP addresses and the dates and times of

connection and the names of the ISPs and/or cable operators that provided Internet access for the users of the identified IP addresses. Compl. ¶¶ 19-304; ECF No. 4 Ex. 1. Plaintiff states that it discovered and documented the alleged infringement of its copyrighted work by the Doe defendants using the specified IP addresses. Compl. ¶¶ 316, 319. The requested discovery will provide the names and addresses of the Internet subscribers who were assigned those IP addresses on the date and time of the alleged infringement. The Court therefore finds that Plaintiff has made a satisfactory showing that there are real persons or entities behind the alleged infringing acts who would be amenable to suit in federal court. See Columbia Ins. Co., 185 F.R.D. at 578-79.

### 2.  Previous Steps Taken to Locate Defendants

Plaintiff has identified the Doe defendants' IP addresses and ISPs. ECF No. 4 Ex. 1. Because the transactions at issue occurred entirely online, the IP addresses and ISPs are the defendants' only available identifying information. Without discovery, there are no other measures Plaintiff can take to identify the Doe defendants or obtain their personal information. The Court therefore finds that Plaintiff has made a good faith effort to comply with the requirements of service of process and specifically identify defendants. See Columbia Ins. Co., 185 F.R.D. at 579.

### 3.  Whether Complaint Can Withstand a Motion to Dismiss

#### a.  Copyright Infringement

"[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003); Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073 (9th Cir. 2000)). To prove a claim of direct copyright infringement, "a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act," whereas "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of *another* may be liable as a 'contributory' [copyright] infringer. Id. (alteration in original) (citation omitted). The Ninth Circuit has

"interpreted the knowledge requirement for contributory copyright infringement to include both those with *actual knowledge* and those who *have reason to know* of direct infringement." Id. (alteration in original) (citation omitted).

Plaintiff alleges that it is the owner, and holds the copyright registration certificate, of a motion picture that Defendants copied and publicly distributed without authorization. Compl. Ex. 1, ¶¶ 316-20. Plaintiff also asserts that each of its works is marked with Plaintiff's trademark, a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a required statement regarding age verification records for the individuals appearing in the works. Compl. ¶ 318. Plaintiff alleges that the Defendants "knew of the infringement, were conscious of their own infringement, and . . . were conscious of the fact that multiple other persons derivatively downloaded the file containing Plaintiff's Motion Picture." Compl. ¶¶ 332-49. Accordingly, Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement and could withstand a motion to dismiss these claims. See Columbia Ins. Co., 185 F.R.D. at 579-80.

b. Civil Conspiracy

"Under California law, to state a cause of action for civil conspiracy, *the complaint* must allege (1) the formation and operation of a conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." Wasco Prods., Inc. v. Southwall Techs., Inc., 435 F.3d 989, 992 (9th Cir. 2006) (alteration in original) (citations and internal quotation marks omitted).

Plaintiff alleges that the BitTorrent file transfer protocol is used "almost exclusively to locate, reproduce, and distribute infringing content," and that the Defendants downloaded a special software called a BitTorrent client to traffic in infringing content. Compl. ¶¶ 352-55. Plaintiff further alleges that "[t]he transfer of infringing files cannot occur without the existence and assistance of the participant users," and that Defendants downloaded a BitTorrent client "for the purpose of conspiring with other BitTorrent users to reproduce and distribute movies in violation of copyright laws." Compl. ¶¶ 358-59. Plaintiff alleges that each Defendant "engaged in an unlawful act in furtherance of the conspiracy when he, without authorization, used a

BitTorrent client to download, reproduce, and distribute copies of Plaintiff's copyright registered work[]," which violated copyright laws and caused Plaintiff harm. Compl. ¶¶ 368-72. As such, Plaintiff states a claim for civil conspiracy that could withstand a motion to dismiss. See <u>Columbia Ins. Co.</u>, 185 F.R.D. at 579-80.

  c. <u>Negligence</u>

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." <u>Mintz v. Blue Cross of Cal.</u>, 92 Cal. Rptr. 3d 422, 434 (Cal. Ct. App. 2009) (citation omitted).

Plaintiff alleges that Defendants accessed, or controlled access, to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's copyrighted work. Compl. ¶ 374. Plaintiff further alleges that Defendants failed to adequately secure their Internet access accounts, and this failure to prevent illegal use of their accounts "constitutes a breach of the ordinary care that reasonable persons exercise in using an Internet access account." Compl. ¶¶ 375-76.   Plaintiff alleges that, due to this unsecured access, others were allowed to unlawfully copy and share Plaintiff's copyrighted work, thereby interfering with Plaintiff's exclusive rights and causing Plaintiff financial harm. Compl. ¶¶ 378-80. Accordingly, Plaintiff's negligence cause of action could withstand a motion to dismiss. See <u>Columbia Ins. Co.</u>, 185 F.R.D. at 579-80.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that:

1. Plaintiff may serve subpoenas, pursuant to Fed. R. Civ. P. 45, on Charter Communications, Comcast Cable, Cox Communications, Earthlink, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Time Warner d/b/a Road Runner, Verizon Internet Services, WideOpenWest, and Windstream Communications that seek the names, addresses, and email addresses of the Defendants. Plaintiff's request to conduct additional discovery, including serving interrogatories or deposing individuals, is **DENIED** as Plaintiff has not made the requisite showing for such discovery nor has it adequately described the specific discovery to be conducted;

2. Plaintiff may only use the disclosed information for the sole purpose of protecting its rights in pursuing this litigation;

3. Within seven (7) calendar days after service of the subpoenas, Charter Communications, Comcast Cable, Cox Communications, Earthlink, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Time Warner d/b/a Road Runner, Verizon Internet Services, WideOpenWest, and Windstream Communications shall notify the subscribers that their identities are sought by Plaintiff. Each subscriber whose identity is sought may, within twenty-one (21) calendar days from the date of such notice, file documents with the Court that contest the subpoena;

4. If Charter Communications, Comcast Cable, Cox Communications, Earthlink, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Time Warner d/b/a Road Runner, Verizon Internet Services, WideOpenWest, and/or Windstream Communications wish to move to quash the subpoena issued to them, they shall do so before the return date of the subpoena. If such a motion is brought, Charter Communications, Comcast Cable, Cox Communications, Earthlink, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Time Warner d/b/a Road Runner, Verizon Internet Services, WideOpenWest, and/or Windstream Communications shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion; and

5. Plaintiff shall provide a copy of this Order to Charter Communications, Comcast Cable, Cox Communications, Earthlink, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Time Warner d/b/a Road Runner, Verizon Internet Services, WideOpenWest, and Windstream Communications when the subpoenas are served on each of them.

**IT IS SO ORDERED.**

DATED: April 26, 2011

*Barbara L. Major*
BARBARA L. MAJOR
United States Magistrate Judge